**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD LEE ALLEN,<br>    #786489 | )<br>)<br>) |
| Plaintiff, | )   2:10-cv-00857-RLH-LRL |
| vs. | )<br>) |
| CLARK COUNTY DETENTION<br>    CENTER, *et al.*, | )   **ORDER**<br>)<br>) |
| Defendants. | ) |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted. (Docket #1). The court now reviews the complaint and plaintiff's motion for the appointment of counsel.

**I. Plaintiff's Motion for Appointment of Counsel**

Plaintiff has filed a motion seeking the appointment of counsel in this case. (Docket #3). A litigant in a civil right action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800

(9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in *pro se* in light of the complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(*citing Wilborn, supra*, 789 F.2d at 1331). The district court has considerable discretion in making these findings. The court will not enter an order directing the appointment of counsel. As set forth below, plaintiff has demonstrated his ability to articulate his claims in *pro se.* Plaintiff's motion for the appointment of counsel is denied.

## II.  Screening Standard

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct.

1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g*. claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g*. fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**III. Instant Complaint**

Plaintiff, who is a pretrial detainee in Clark County Detention Center ("CCDC"), has sued the CCDC, Clark County, Clark County Sheriff Doug Gillespie, Clark County Department of Social Services Director Nancy McLane, NAPHCARE, and the following CCDC personnel: Medical Director Dr. Russo, Dr. McGrorey, nurses identified as Does 1-4, Kite Nurse Cornelius, and nurse Rebecca Newman, alleging deliberate indifference to his serious medical needs in violation of his Eighth Amendment and Fourteenth Amendment rights.

As an initial matter, while plaintiff ostensibly alleges nine separate counts of deliberate indifference to his serious medical needs, in fact he sets forth a chronology of events related to a single claim. Thus, the court will construe counts I-IX as a single claim of deliberate indifference to serious medical needs. Plaintiff alleges that in October 2009, a few days before scheduled hand surgery in California, he was extradited to CCDC. He claims the planned surgery would have reconstructed two joints in his left hand and addressed a hairline fracture in his left wrist. He alleges that CCDC and NAPHCARE, alleged medical provider at the CCDC, have a policy that they are not responsible for treating non-life-threatening, preexisting injuries, and that the detainee must use his or her own insurance or secure approval by social services for a medical card and then seek treatment. Plaintiff asserts that Dr. McGrorey saw him on October 23, 2009 and explained that: "your injury is preexisting and you won't die from it, so we are not obligated to fix your hand. If you do not have insurance you will need to be seen by social services and get approved for a medical card. This could take 6 months, a year, or longer." Plaintiff claims that his doctor in California informed him that the surgery needed to be done soon to avoid more and permanent damage. He alleges that "Nurse Norma" inquired as to why his appointments with a hand specialist were repeatedly cancelled and relayed to him that medical administration hopes that plaintiff either is released or imprisoned so that the county would not have to pay for surgery.

Plaintiff asserts that in April 2010 he was seen by Dr. Russo and a Dr. Zinser. He alleges the following related to that visit: that Dr. Zinser had a standing order to see plaintiff every two or three weeks to see if plaintiff finally had surgery, that Dr. Zinser informed Dr. Russo that he had ordered a 30-day referral to a hand specialist at least two or three times, that Dr. Russo examined him and said that he clearly needed surgery, and that Dr. Russo stated that he would put in a referral right away.

Plaintiff states that he suffers severe pain that makes it difficult to sleep and that the stress has led him to seek psychological help and medication for anxiety and depression. He alleges that he has submitted numerous kites and grievances throughout his detention. Plaintiff states that he received pain medication that was halted without explanation in April, when he was directed to obtain Motrin

and Tylenol at the commissary. He also claims that he obtained a social services card, but that his social services "agent" does not answer the phone or check on him and that his card expired on January 31, 2010, without his being seen by a hand specialist. Plaintiff seeks damages as well as injunctive relief.

Such claims by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998). The same standard applies to a pretrial detainee's claim of deliberate indifference under the Fourteenth Amendment as to a prisoner's claim under the Eighth Amendment. *Id*.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Id.* at 106. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06.

Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To state a claim for municipal or county liability, as well as to state a claim against an arm of the municipality or county, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).

Plaintiff has alleged that he has a serious hand injury that requires surgery, but that, citing a policy of not treating non-life-threatening, preexisting injuries, defendants have refused to treat his damaged hand, resulting in further damage and causing severe pain, in deliberate indifference to his serious medical needs. As a pretrial detainee, plaintiff states a Fourteenth Amendment claim.

Plaintiff names Clark County Department of Social Services Director Nancy McLane as a defendant. However, "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007); *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (concluding proper to dismiss where no allegations of knowledge of or participation in alleged violation). Plaintiff does not describe any specific actions by Nancy McLane at all–nor does he allege that she had knowledge of or participated in any alleged civil rights violation. Defendant Nancy McLane is dismissed from this action.

Finally, in Count 10 of plaintiff's complaint, he describes a case he has pending in state court regarding these issues. However, he sets forth no facts alleging a deprivation of his constitutional rights. Count 10 is dismissed for failure to state a claim.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's (Ronald Lee Allen, Detainee No. 786489) account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has paid toward his filing fee, so that funds may continue to be deducted from plaintiffs account. **The Clerk shall send a copy of this order to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.**

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and **FILE** the complaint. (Docket #1-1).

**IT IS FURTHER ORDERED** that defendant Nancy McLane is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's claims of deliberate indifference to his serious medical needs against all remaining defendants **may proceed**.

**IT IS FURTHER ORDERED** that Count 10 is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue summons for defendants Clark County Detention Center, Clark County, Nevada, Dr. McGrorey, NAPHCARE, Kite Nurse Cornelius, Nurse Norma, Rebecca Newman, Dr. Russo, and Sheriff Gillespie, and deliver same, along with the complaint, to the U.S. Marshal for service. Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285. Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been

accomplished, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (docket #3) is **DENIED**.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

DATED : August 2, 2010.

_____
ROGER L. HUNT
Chief United States District Judge