UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| RONALD LEE ALLEN, | ) | Case No.: 2:10-cv-00857-RLH-LRL |
| | ) | |
| Plaintiff, | ) | **O R D E R** |
| | ) | |
| vs. | ) | (Motion for Preliminary Injunction–#4, |
| | ) | Motion for Preliminary Injunction–#10, |
| CLARK COUNTY DETENTION CENTER; | ) | Motion to Dismiss by Special |
| CLARK COUNTY, NEVADA; DR. | ) | Appearance–#20, Motions for Summary |
| McGROREY; NAPHCARE; KITE NURSE | ) | Judgment–#23, Motions for Summary |
| CORNELIUS; NURSE NORMA; REBECCA | ) | Judgment–#24, Motions for Summary |
| NEWMAN R.N.; DR. RUSSO; SHERIFF | ) | Judgment–#25, Motions for Summary |
| GILLESPIE, | ) | Judgment–#26, Motions for Summary |
| | ) | Judgment–#27, Motions for Summary |
| Defendants. | ) | Judgment–#28, Motion to Strike–#46, |
| _____ | ) | Motion to Dismiss–#47, Renewed Motion |
| | ) | to Dismiss by Special Appearance–#66) |

Before the Court are Plaintiff Ronald Lee Allen's **Motion for Preliminary Injunction** (#4), filed June 10, 2010, **Motion for Preliminary Injunction** (#10), filed July 16, 2010, **Motions for Summary Judgment** (##23–28), filed July 6, 2010, and **Motion for Preliminary Injunction** (#73), filed December 29, 2010. The Court has also considered the various oppositions and replies to these motions.

Also before the Court are Defendants numerous motions. The Court will name these motions according to which defendants joined in bringing the motions. First, "Kite" Nurse Cornelius, Dr. McGrorey, Rebecca Newman, Nurse Norma, Dr. Russo (the "Medical Personnel Defendants") and NaphCare's **Motion to Dismiss by Special Appearance** (#20), filed September 30, 2010; second, the Medical Personnel Defendants' **Renewed Motion to Dismiss by Special**

1

**Appearance** (#66), filed December 27, 2010; and third, Clark County Detention Center ("CCDC") and Sheriff Douglas Gillespie's **Motion to Dismiss** (#47), filed November 5, 2010. The Court has also considered the various oppositions and replies to these motions.

## BACKGROUND

This case arises from the Defendants' alleged deliberate indifference to Allen's serious medical needs. The facts below are as alleged by Allen unless otherwise stated. At some point in the past, Allen broke his left ring and pinkie fingers. He also sustained a shoulder injury, a tear to his right rotator cusp. It is unclear how or when either of these injuries occurred. Allen's primary concern is the finger injury, though he does request consistent pain management treatment for both. Allen's finger injury has caused the fingers to point in odd angles from the hand and the fingers are otherwise misshapen and disfigured. At some point after Allen suffered these injuries, he was arrested and incarcerated in California. In California, Allen was scheduled for surgery to repair his fingers. His doctors labeled this surgery as "urgent." Allen's church planned on paying for this surgery. However, on October 2, 2009, days before the scheduled surgery, Allen was extradited to Las Vegas and placed in the CCDC.

Once at the CCDC, Allen was seen by a doctor whom he believes was the head doctor at the CCDC, Dr. McGrorey. McGrorey told him that because the injury was pre-existing and non-life threatening, Allen would either need insurance or a social services card to get treatment and that the CCDC would not provide it. Apparently when Allen asked whether he should talk to his judge (criminal judge presumably) about possible treatment, McGrorey cursed at him, crossed out the medical orders he had just written, and told him to leave and that he could see if the judge would get him seen by a hand specialist.

Later on, Allen was seen by other doctors at the CCDC. (NaphCare appears to be the private contractor for medical services at the CCDC and employed the medical personnel involved in this case.) Dr. Zinser even told Allen that he had never seen such a "messed up finger." (Dkt. #1, Compl. 9.) Allen also claims that Zinser wrote him a referral (and two or three

AO 72
(Rev. 8/82)

more over time) to see a hand specialist but that he never saw one and that Nurse Norma told him that the administration would not allow or pay for it. Allen claims that throughout this time period his fingers were getting worse as they were not set and nothing was done to prevent his condition from getting worse. After some time, in early 2010, Allen was seen by Dr. Russo who also told Allen that he needed a hand specialist and wrote him a referral to see such a specialist (Allen saw Russo multiple other times in which Russo wrote him subsequent referrals to see a specialist). After this appointment, however, Allen's pain medication ceased being administered as it had before. However, at his next appointment he was given a cortisone shot for his shoulder injury.

Apparently, after the cortisone shot, Allen's pain medication was administered again as prescribed and scheduled for a time, but administration of the medication ceased around the end of April. Upon complaining to a nurse, he was told to file a medical kite. After that, however, he was told to purchase "Motrin and Tylenol at Commissary" even though he had no money in his trust account. (*Id*. 14.) It is unclear what further pain treatment, if any, Allen's doctors and the CCDC provided him or what treatment he is currently receiving.

Since filing his complaint with this Court, Allen has been convicted and transferred to High Desert State Prison at Indian Springs, Nevada. He is no longer in the care of Clark County nor incarcerated at the CCDC. Nonetheless, he has still not received surgery or been seen by an orthopedic hand specialist. For the reasons stated below, the Court denies Allen's motions for preliminary injunction, denies Allen's motions for summary judgment, denies in part and grants in part Defendants' motion to dismiss due to insufficiency of process, and grants the motion to dismiss for failure to state a claim. However, Allen may file a motion to amend and a proposed amended complaint in accordance with Local Rule 15-1.

**DISCUSSION**

**I.    Motions for Preliminary Injunction**

Allen has brought three separate motions for preliminary injunction (Dkt. ##4, 10, 73). Allen filed the first two motions while he was incarcerated as a pre-trial detainee at the

1   CCDC and filed the third while at High Desert State Prison.  As of now, Allen is imprisoned at
2   High Desert State Prison under the control of the Nevada Department of Corrections ("NDOC").
3   This effectively eliminates the ability of those Allen has sued to give him relief as they no longer
4   have any control over him.  Therefore, a preliminary injunction against Defendants would be
5   futile.  Accordingly, the Court denies the motions for preliminary injunction as moot.

6   **II.     Motion to Dismiss Due to Insufficiency of Service of Process**

7   The Medical Personnel Defendants and NaphCare bring a motion to dismiss due to
8   insufficiency of service of process (Dkt. #20).  They renewed this motion (Dkt. #66) without
9   NaphCare as NaphCare had subsequently received proper service and has since answered Allen's
10  complaint.

11  Allen used the United States Marshal's Service to effectuate service of process on
12  the Medical Personnel Defendants and NaphCare by directing the Marshals to serve process at the
13  CCDC, where NaphCare provides medical services and the Medical Personnel Defendants
14  worked.  The Marshal, after attempting to reach someone with more authority, served Corrections
15  Assistant Robert Warhop, who was apparently manning "Post 10" at the CCDC.  Warhop is an
16  employee of the Las Vegas Metropolitan Police Department, not NaphCare, and has no real
17  relationship to the Medical Personnel Defendants.  There is no evidence and no reason to believe
18  that Warhop had authority to accept service of process on behalf of any of these Defendants.
19  Therefore, this service was ineffective under Federal Rule of Civil Procedure 4 against any
20  Defendant.

21  Allen later served NaphCare's resident agent in Carson City, NV.  This properly
22  effectuated service of process against NaphCare.  However, Allen purports that service on
23  NaphCare also acts as proper service against the Medical Personnel Defendants.  However, the
24  Federal Rules do not allow such service.  First, there is no basis in Rule 4 for arguing that service
25  on a corporation acts as service against run of the mill employees of that corporation by law.
26  Second, there is no evidence or reason to believe that the Medical Personnel Defendants

4

1  authorized NaphCare's registered agent to accept service of process on their behalf.  Third, Dr.
2  McGrorey, Rebecca Newman, and Dr. Russo no longer work for NaphCare or at the CCDC and
3  did not work for NaphCare or at the CCDC when Allen first attempted service at the CCDC.
4  Therefore, these three defendants have no legal relationship to NaphCare or its registered agent.
5  Therefore, the Court grants the motion and dismisses the Medical Personnel Defendants.

The Court notes that it appears that most of these defendants did not deny treatment, but merely were unable to provide the treatment Allen sought because of the administration above them.

### III. Motions for Summary Judgment

Allen's motions for summary judgment (##23–28) in which Allen actually requests default judgments against the Medical Personnel Defendants and NaphCare are denied.  Allen claims that the Medical Personnel Defendants and NaphCare did not respond to his complaint within the 21 days required by Rule 12.  However, the individual defendants and NaphCare filed their Motion to Dismiss (#20) based on insufficiency of process within the required time period.  This meets the requirement of a responsive pleading and therefore a default judgment would be improper. Accordingly, the Court denies Allen's motions for summary judgment.

### IV. Motion to Dismiss for Failure to State a Claim

#### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a

1  complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its
2  face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

3  In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to
4  apply when considering motions to dismiss.  First, a district court must accept as true all well-pled
5  factual allegations in the complaint; however, legal conclusions are not entitled to the assumption
6  of truth.  *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only by
7  conclusory statements, do not suffice.  *Id*. at 1949.  Second, a district court must consider whether
8  the factual allegations in the complaint allege a plausible claim for relief.  *Id*. at 1950.  A claim is
9  facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a
10 reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 1949.  Where
11 the complaint does not permit the court to infer more than the mere possibility of misconduct, the
12 complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal
13 quotation marks omitted).  When the claims in a complaint have not crossed the line from
14 conceivable to plausible, plaintiff's complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

15 The Court also notes the well-established rule that *pro se* complaints are subject to
16 "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally
17 construed." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).  This is particularly true in civil
18 rights cases.  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (holding that
19 courts must afford *pro se* plaintiffs "the benefit of any doubt").  Nonetheless, the allegations must
20 still meet the minimum requirements.

21 **B.     Analysis**

22 Defendants CCDC and Sheriff Gillespie bring a motion to dismiss for failure to
23 state a claim upon which relief may be granted.  The CCDC argues (despite being an inanimate
24 building) that it is merely an inanimate building, that cannot be sued.  Gillespie argues that Allen
25 does not allege that he implemented the policy Allen complains of or is otherwise involved with
26 the policy and therefore Allen fails to state a claim against him.

6

1           **1.     CCDC**

2           The CCDC is an inanimate building, not a person or entity subject to liability.  The

3 law defines persons as including natural persons (*i.e.*, human beings) as well as corporations and

4 political subdivisions.  However, objects such as buildings do not fit within this definition.

5 Therefore CCDC, a building, is not subject to liability.  The proper entity to sue is Clark County,

6 which Allen has also sued, but has not yet served.  Therefore, the Court grants the motion as to the

7 CCDC.

8           **2.     Sheriff Gillespie**

9           Official capacity actions generally represent another way of "suing an entity of

10 which an officer is an agent. *Kentucky v. Graham*, 476 U.S. 159, 165 (1984) (quoting *Monell*, 436

11 U.S. at 690 n. 55).  To succeed on an official-capacity action, a plaintiff must demonstrate that a

12 policy or custom of an entity contributed to the violation of federal law. *Kentucky v. Graham*, 476

13 U.S. at 166.

14           Gillespie argues he must be dismissed because Allen has not alleged that Gillespie

15 made the policy or that he is a policy-maker for medical issues at the CCDC and because there is

16 no *respondeat superior* liability under § 1983.  In his complaint, Allen names Gillespie as a

17 defendant and then proceeds without mentioning him again.  Allen makes no allegations that

18 Gillespie implemented the alleged policy, has continued the policy, or that Gillespie participated in

19 the decision making process which led to the alleged "intentional[] interfere[nce] with his

20 previously prescribed medical treatment" or denial or limitation of pain management treatment.

21 *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000).   Without some allegations directly against

22 Gillespie, Allen does not sufficiently allege a claim against him.  Accordingly, the Court grants the

23 motion and dismisses Gillespie.

24 **V.     Leave to Amend**

25           Although Allen cannot fix his allegations against the CCDC, he requests that the

26 Court grant him leave to amend his complaint in order to omit the CCDC and replace it with the

person in charge of the CCDC, whom he alleges is Captain See. The Court will likely grant Allen the opportunity to amend his complaint when Allen files a motion for leave to amend and a proposed amended complaint pursuant to LR 15-1 of the Local Rules of Practice..

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motions for Preliminary Injunction (##4, 10, 73) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motions for Summary Judgment (##23–28) are DENIED as moot.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (#20) and Renewed Motion to Dismiss (#66) are GRANTED. The following defendants are therefore dismissed from this case:

"Kite" Nurse Cornelius, Dr. McGrorey, Rebecca Newman, Nurse Norma, and Dr. Russo

IT IS FURTHER ORDERED that the CCDC and Sheriff Gillespie's Motion to Dismiss (#47) is GRANTED. The CCDC and Gillespie are therefore dismissed from this case.

IT IS FURTHER ORDERED that Plaintiff is given leave to file a motion to amend, with a proposed amended complaint attached, no later than four (4) weeks from the date of this order.

Dated: January 20, 2011.

_____
ROGER L. HUNT
Chief United States District Judge