# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD LEE ALLEN,

    Plaintiff,

vs.

CLARK COUNTY DETENTION CENTER, *et al.*,

    Defendants.

Case No. 2:10-cv-00857-RLH-GWF

**ORDER**

Requests for Copy of Amended Complaint Complaint (#105, 113); Motion for Increase in Copy Fund (#119); Motion to Stay (#120)

    This matter is before the Court on Plaintiff's February 2, 2011 Letter Requesting a Copy of Plaintiff's Proposed Amended Complaint (#105), filed February 7, 2011; Request for Copy of Proposed Amended Complaint Filed by Plaintiff (#113), filed February 10, 2011; Motion to Stay or Postpone Ruling on Defendants' Request for Attorney Fees Regarding Defendants Sheriff Gillespie and Clark County Detention Center Due to Plaintiff Appeal to the 9th Circuit Court of Appeals on Sheriff Gillespie Dismissal from Complaint (#120), filed March 1, 2011; Motion to Request Court to Order that Plaintiff Be Allowed to Make Copies of Legal Work at Southern Desert Correctional Center or Any Other Nevada Department of Corrections Facility (#119), filed March 1, 2011; and supplement to Plaintiff's Request to Order Department of Prisons to Reinstate Legal Copy Work Privileges (#122), filed March 3, 2011.

    **1.**    **Motion to Stay (#120)**

    On February 14, 2011, the Court issued an order staying this action pending a decision from the Ninth Circuit Court of Appeals on Plaintiff's appeal. (#115). As this case is stayed, all motions, including Defendants' motion for attorney fees are stayed and will not be ruled upon until the Ninth Circuit issues a ruling on Plaintiff's appeal.

Several of Plaintiff's motions pending before the Court concern administrative matters related to his appeal, however, and the Court will now consider these motions as they may impact Plaintiff's appeal to the Ninth Circuit.

**2.      Request for a Copy of Plaintiff's Proposed Amended Complaint (#105, 113)**

Plaintiff requests that the Court send him a copy of his proposed amended complaint (#57). (#105, 113). He states that he submitted two copies of his proposed amended complaint (#57) to the Clerk of the Court in accordance with LR 10-4(b) in order to have a file-stamped copy of the amended complaint returned to him. As the failure to return a copy of the amended complaint to Plaintiff might have occurred due to administrative or postal error, the Court will grant Plaintiff's request.

The Court will not look favorably on future requests for free copies of filed documents, however, and Plaintiff is encouraged to retain a copy of all documents submitted to the Court and to follow the procedure for preserving copies of documents filed in his case. *See Spisak v. State of Nevada*, 2007 WL 1612293, *3 (D. Nev. 2007) (holding an *in forma pauperis* plaintiff is not entitled to receive free copies of documents from the court without the plaintiff demonstrating a specific showing of need for the copies requested).

**3.      Motion for Increase of Prison Photocopy Account (#119)**

Plaintiff asks the Court to order the Nevada Department of Corrections ("NDOC") to increase his prison photocopy account, have the Clerk of the Court mail copies of all documents Plaintiff files with the Court to him and order Southern Desert Correctional Center ("SDCC") to provide Plaintiff with extra paper and carbon paper.

A Petitioner does not have a right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir.1989) (stating "numerous courts have rejected any constitutional right to free and unlimited photocopying"). Pursuant to Administrative Regulations 722, "inmates can only accrue a maximum of $100.00 debt for copy work expenses." A court can, however, order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties. In the present motion, Plaintiff states that he has exceeded his prison copy limit and requests that the Court order the Nevada Department of Correction to increase his copy work limit. (#119). In support of this request, Plaintiff attaches a copy of his inmate account

statement, showing a negative balance of $199.00. (*Id.* at 4). Based on Plaintiff's lack of funds, pending appeal before the Ninth Circuit and the status of this case, the Court finds Plaintiff has demonstrated the need to have his prison copy work limit increased so that he is allotted $50.00 worth of copying privileges. The Court advises Plaintiff, however, that he should use his copying privileges sparingly, refrain from filing numerous and duplicative motions, and use carbon paper to duplicate documents when possible because further requests for an increase in Plaintiff's photocopy allowance will not be looked upon favorably.

Plaintiff also requests that the Court provide him with file-stamped copies of any documents he files with the Court. (#119). The Court will deny this request as Plaintiff is not entitled to free copies of documents from the Court merely because he is proceeding *in forma pauperis*. If Plaintiff wishes to receive a copy of a filed document, the Court will provide him with copies at the cost of $0.10 per page. To receive copies from the Court in the future, Plaintiff must provide a written request combined with a check or other form of payment for the amount of copies requested.

Finally, Plaintiff requests that the Court order SDCC to provide him with carbon paper so that he might reproduce writings without having to incur photocopying costs. (#119). Nevada prisons provide inmates with carbon paper to enable inmates to reproduce writings without the use of photocopies. Plaintiff states that he was not given carbon paper this month when indigent legal supplies were delivered. (*Id.*) He does not indicate that he has sought any administrative remedies from SDCC or NDOC for the lack of carbon paper. Plaintiff should pursue administrative remedies within the prison system before appealing to the Court to intervene. If Plaintiff requests additional carbon paper through the prison's complaint procedures and he is denied additional carbon paper, he may then file a request for Court intervention. Plaintiff is cautioned, however, to conserve his mailing, paper and carbon paper resources as any requests for future increases will not be looked upon favorably by the Court. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay or Postpone Ruling on Defendants' Request for Attorney Fees Regarding Defendants Sheriff Gillespie and Clark County Detention Center Due to Plaintiff Appeal to the 9th Circuit Court of Appeals on Sheriff Gillespie Dismissal from Complaint (#120) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's February 2, 2011 Letter Requesting a Copy of His Proposed Amended Complaint (#105) and Request for Copy of Proposed Amended Complaint Filed by Plaintiff (#113) are **granted**. The Clerk of the Court shall mail a copy of the Proposed Amended Complaint (#57) to the address on file for Plaintiff.

**IT IS FURTHER ORDERED** that Motion to Request Court to Order that Plaintiff Be Allowed to Make Copies of Legal Work at Southern Desert Correctional Center or Any Other Nevada Department of Corrections Facility (#119) is **granted in part** as follows: the Nevada Department of Corrections shall increase Plaintiff's prison copy work limit so that he is allotted $50.00 worth of copying privileges.

DATED this 10th day of March, 2011.

_George Foley Jr._
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**