UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| RONALD LEE ALLEN, | ) | Case No.: 2:10-cv-00857-RLH-GWF |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | (Motion to Dismiss–#286) |
| CLARK COUNTY DETENTION CENTER, *et al.*, | ) | |
| Defendants. | ) | |

Before the Court is Defendants Nevada Department of Corrections, Nevada Board of Prison Commissioners, Brian Sandoval, Catherine Cortez Masto, Ross Miller, James Cox, Jack Palmer, Brian Williams, Romeo Aranas, and David Mar's **Motion to Dismiss** (#286, filed Mar. 17, 2012) for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court has also considered Plaintiff Ronald Allen Lee's Opposition (#289, filed Apr. 3), and Defendants' Reply (#296, filed Apr. 14).

### BACKGROUND

This dispute arises out of Allen's claim that Defendants failed to treat his medical conditions while he was detained in their correctional facilities. Allen makes the following allegations in support of his claims. At some point prior to October 2009, Allen sustained injuries

1

to his left hand, arm, and shoulder. Allen claims his fingers are severely misshapen and disfigured, causing him extreme pain and suffering. Soon thereafter he was arrested and incarcerated as a pre-trial detainee at the Correctional Training Facility in Soledad, California. While detained, Allen was scheduled for urgent surgery to replace a finger tendon, repair broken bones in two fingers, and address a hairline fracture in his wrist. His doctors also scheduled subsequent surgery to repair a torn rotator cuff in his shoulder. Before he could have these surgeries, however, Allen was extradited to Las Vegas and detained at the Clark County Detention Center ("CCDC").

        While detained at CCDC, Allen received basic medical care, but he was denied specialist referrals and surgery pursuant to policies that CCDC did not treat a detainees pre-existing injuries.[1] Allen was then transferred into NDOC's custody in late 2010 to serve his sentence in the underlying criminal case. He was initially detained by NDOC at the Southern Deseret Correctional Center (SDCC), where he was denied medical care for similar policy reasons. In the summer of 2011, Allen was transferred to NNCC for the express purpose of seeing an orthopedic or hand specialist for evaluation and treatment. However, even after arriving at NNCC, Allen continued to be denied access to an orthopedic or hand specialist and his pain and injuries continued to worsen. As of April 2012. he had still not received specialist treatment.

        Allen filed his third amended complaint in October 2011 asserting eight claims. The parties have since stipulated to dismiss four of those claims, leaving the following three Section 1983 Eighth Amendment claims: (1) deliberate indifference, (2) failure to train, and (3) unconstitutional policies, procedures, and customs. Allen also includes an intentional infliction of emotional distress claim. Defendants have now filed a motion to dismiss most of the rest of Allen's claims. For the reasons discussed below, the Court denies Defendants' motion in part and grants it in part.

---

[1] Claims relating to the alleged constitutional violations at CCDC are no longer before the Court because the parties have stipulated to dismiss those claims. (*See* Dkt. ##300, 301, Stipulation and Order to Dismiss).

2

AO 72
(Rev. 8/82)

DISCUSSION

I. **Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

///

///

## II. Analysis

### A. Eleventh Amendment Immunity

Under the Eleventh Amendment, states have immunity from suit in federal court. U.S. Const. amend. XI. Eleventh Amendment immunity applies to Section 1983 claims against states and state entities. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Therefore, neither a State, nor its officials in their official capacities may be sued for damages under §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). However, when a state official is sued in his official capacity for prospective injunctive relief, Eleventh Amendment immunity does not apply. *Id.* at 71 n. 10.

Eleventh Amendment immunity bars Allen's § 1983 claims against NDOC and its Board as they are state entities. Allen's § 1983 claims against Defendants Masto, Miller, Sandoval, Cox, Palmer, Williams, Aranas, and Mar in their official capacities for monetary damages are similarly barred as they are state officials. However, the § 1983 claims against these individual Defendants in their official capacity for prospective injunctive relief are not barred by the Eleventh Amendment. Further, the Court finds Allen's request for injunctive relief is proper. Allen seeks a Court order requiring NDOC to institute proper policies and procedures for inmate medical care. Given the plausibility of the constitutional violations in this matter (discussed below), the Court finds that Allen states a valid claim for injunctive relief.

Therefore, the Court dismisses NDOC and the Board from Allen's § 1983 claims. The Court further dismisses Allen's § 1983 claims against the individual Defendants in their official capacities for monetary damages.

### B. Allen's § 1983 Claims Against Masto, Miller, and Sandoval in their Individual Capacity

Allen has sued Defendant's Masto, Miller and Sandoval because they are members of the Board of Prison Commissioners overseeing NDOC. The claims against these Defendants were brought in both their official and individual capacities. As discussed above, the *official*

1  *capacity* claims against these Defendants are dismissed on the basis of sovereign immunity. The
2  Court grants the motion to dismiss Masto, Miller and Sandoval from this suit in their *individual*
3  *capacities* as well because the allegations that these Defendants personally participated in the
4  alleged constitutional violations against Plaintiff do not cross the line from conceivable to
5  plausible.

6  To hold an individual liable under § 1983, the person must have personally
7  participated in the unconstitutional conduct. *Taylor v. List*, 880 F.2d 1040, 1045 (1989). Given
8  their broad, statutorily prescribed functions, it is not plausible that Defendant Board members
9  Masto, Miller, and Sandoval participated personally in the alleged deprivation of medical care.
10 The Court cannot reasonably infer from the allegations that these Defendants even knew that Allen
11 was in custody and needed specialist treatment, let alone that Allen was denied treatment and filed
12 medical grievances. Thus, the Court dismisses Allen's § 1983 claims against Defendants Masto,
13 Miller, and Sandoval in their individual capacity.  As the claims against these Defendants in both
14 their official and individual capacities fail, the Court dismisses them from the lawsuit entirely.

15  C.  **Section 1983 Claims**

16  Given the above analysis, the only remaining § 1983 claims are Eighth Amendment
17 (1) deliberate indifference, (2) failure to train, and (3) unconstitutional policies, procedures and
18 customs against Defendants Cox, Palmer, and Williams in their official capacities for injunctive
19 relief, and Aranas and Mar in their official and individual capacities.[2] The Court will now analyze
20 these claims under *Iqbal* and *Twombly*.

21  Under the Eighth Amendment, prison officials are obliged to provide humane
22 conditions of confinement, including ensuring inmates receive adequate food, clothing, and
23 medical care. *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009). A prison official violates the
24 Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an

---

[2] Defendants Aranas and Mar however do not seek dismissal of Allen's deliberate indifference claims against them in their individual capacities.

1  inmate. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To show deliberate indifference, a plaintiff
2  must allege (1) a serious medical need, which can be shown when a failure to treat his condition
3  could result in either further significant injury or unnecessary and wanton infliction of pain, (2)
4  deliberate indifference toward that need by demonstrating a purposeful act or failure to respond to
5  a prisoner's pain or medical need, and (3) that such indifference caused harm. *Jett v. Penner*, 439
6  F.3d 1091, 1096 (9th Cir. 2006). To deny, delay, or intentionally interfere with recommended
7  surgery may constitute deliberate indifference. *Snow v. McDaniel*, 681 F.3d 978, 986 (9th Cir.
8  2012). Nor does a prisoner need to allege he was completely denied medical care in order to
9  prevail with a deliberate indifference claim. *Id.*
10 Furthermore, a plaintiff must show each defendant personally participated in the
11 unconstitutional conduct. *Taylor*, 880 F.2d at 1045. Specifically, the plaintiff must show that
12 prison officials were aware of a "substantial risk of harm," awareness which can be satisfied if an
13 inmate shows that a risk posed by the deprivation is obvious. *Thomas v. Ponder*, 611 F.3d 1144,
14 1150-51 (9th Cir. 2010). The Court measures obviousness "in light of reason and the basic general
15 knowledge that a prison official may be presumed to have obtained regarding the type of
16 deprivation involved." *Ponder*, 611 F.3d at 1151.

          **1.**     **Eighth Amendment Deliberate Indifference**

18 Allen has pled sufficient facts for his deliberate indifference cause of action. First,
19 accepting Plaintiff's medical history allegations as true, that is, his alleged severely disfigured,
20 broken fingers and related wrist and shoulder injuries, the Court finds Allen has alleged a serious
21 medical need. Allegations that Defendants failed to treat these injuries for more than a year, while
22 Allen's injuries worsened and caused him severe pain and anguish, satisfy *Iqbal* and *Twombly*
23 pleading requirements for unnecessary and wanton infliction of pain.
24 Second, in order to show that Defendants acted purposefully, Allen must allege that
25 Defendants knew of and disregarded an excessive risk to inmate health or safety. *Farmer v.*
26 *Brennan*, 511 U.S. 825, 837 (1970). However, knowledge may be demonstrated in several ways,

such as, for example, an inmate's repeated complaints to prison officials about a specific condition. *Ponder*, 611 F.3d at 1151. Similarly, grievances about the denial of surgery and orders to accommodate an inmate's condition sufficiently demonstrate awareness. *Snow*, 681 F.3d at 989. Here, it is reasonable to infer that Defendants Cox, Palmer and Williams were aware of a substantial risk of harm on the basis of Allen's injuries (which are purportedly documented), previous medical referrals, a judicial order for a medical evaluation, numerous medical grievances, and the medical transfer for specialist care. Further, the Court accepts the veracity of pleadings stating that Cox, Palmer, and Williams had responsibility for all decisions regarding the medical evaluation or treatment of inmates. Therefore, Allen has sufficiently alleged the second element of deliberate indifference, namely that Defendant's Cox, Palmer, and Williams purposefully acted or failed to respond to Allen's medical needs. Furthermore, the Court finds that given Allen's alleged conditions, which he claims have worsened due to the Defendant's alleged deliberate indifference, Allen has also sufficiently alleged that the Defendant's deliberate indifference caused him harm. Thus, Allen as adequately alleged the elements for deliberate indifference.

Furthermore, the Court also finds that Allen has sufficiently pled that Defendants personally participated in the alleged constitutional violations. Defendants Cox, Palmer and Williams argue they are not responsible for the day-to-day decisions of physicians. Nonetheless, it is plausible to infer that Cox, the director of NDOC, and Palmer and Williams, wardens of the SDCC and NNCC facilities, personally participated in the alleged constitutional violations, whether they were directly involved in decisions to deny and delay treatment, or implemented policies and procedures requiring such denials and delays. Additionally, Allen's multiple grievances about the denial of surgery sufficiently demonstrate wardens Palmer and Williams were aware of Allen's serious medical need. The Court notes however that evidence of more direct involvement by NDOC Director Cox will be necessary to withstand a summary judgment motion.

In summary, Allen has sufficiently pled his claim for deliberate indifference to his serious medical needs against defendants Cox, Palmer, and Williams. Further, this claim remains against

7

Aranas and Mar, who did not seek dismissal of it as to them in their individual capacities.

### 2. Failure to Train

Allen's claim that Defendants failed to provide adequate training regarding the treatment of inmates with serious medical needs fails. Liability for inadequate training arises "... where a failure to train reflects a deliberate or conscious choice." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989). Thus, Allen must show that Defendants made a deliberate choice to provide inadequate training in the prison medical care setting.

Allen offers only speculative and conclusory statements that Defendants failed to train employees and officials to respond properly to medical requests. This claim therefore lacks factual support and is too attenuated to withstand *Iqbal* and *Twombly*'s pleading requirements. Therefore, the Court grants Defendants' motion to dismiss as to this claim.

### 3. Unconstitutional Policies, Procedures, and Customs

Allen alleges sufficient facts for the Court to infer that Defendants Cox, Palmer, Williams, Aranas, and Mar implemented and enforced polices, procedures, and customs that led to constitutional violations against himself and other inmates.

Defendants seek to dismiss the policies and procedures claim because Allen did not articulate exactly which NDOC policies or procedures were constitutionally deficient. However, Allen has alleged that multiple individuals at various locations and on different dates invoked NDOC policies as grounds for refusing Allen access to specialist care and surgery. Although Allen has not included the exact citation of those policies at this point in the litigation, his allegations lead the Court to conclude that it is plausible that such policies do exist and that implementation of those policies violated Allen's constitutional rights. Therefore, the Court denies Defendants' motion as to this claim.

In sum, Allen's § 1983 deliberate indifference and policies, procedures and customs claims survive against Cox, Palmer, Williams, Aranas and Mar in their official capacities for injunctive relief, and against Aranas and Mar in their individual capacities. These are the only

remaining § 1983 claims in this case. Defendants argue that they are entitled to qualified immunity for these claims. The Court will now analyze Defendant's argument.

### 4. Qualified Immunity

"The doctrine of qualified immunity protects government officials from civil liability when performing discretionary functions as long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). Whether such discretionary immunity applies depends on two questions: (1) do the facts alleged show the official violated a constitutional right; and, (2) was the right clearly established such that a reasonable government official would know the conduct was unlawful. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Defendants qualified immunity argument fails. First, the law regarding the medical treatment of prisoners was clearly established at the time of the alleged incidents: prison staff cannot intentionally deny or delay access to medical care. *Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002). Second, Allen has alleged violations of his constitutional rights based on the denial, delay, and interference with his access to appropriate medical treatment. These constitutional violations include specific allegations showing Defendants intentionally ignored or otherwise interfered with a doctor's orders or medical plan. Defendants make a clumsy attempt to sidestep these allegations by claiming they did not disregard any *NDOC physician* order because the initial surgery order came from the judicially distant California Department of Corrections. In fact, Allen's need for specialist medical treatment was allegedly confirmed by Nevada doctors while Allen was a pre-trial detainee, (Complaint at 48-49), acknowledged by Nevada District Court Judge Michael Villani, (*id.* at 54-55), documented in numerous medical grievances at three Nevada correctional institutions, (*id.* at 53, 69, 70), and were plausibly known to NDOC officials who initially delayed and denied specialist treatment, then later arranged an apparently futile medical transfer, (*id.* at 69, 70). Accordingly, the Court rejects Defendants' qualified immunity argument.

Defendants Cox, Palmer, and Williams also seek discretionary immunity because they are not medical professionals, and claim that even if they knew Allen was denied treatment it was reasonable for them to defer to medical decisions. However, non-medical officials may still be held liable for their role in denials and delays. *Snow* 681 F.3d at 986. Therefore, as discussed above, accepting Allen's allegations regarding Cox, Palmer, and Williams as true, these Defendants' request for discretionary immunity also fails, at least at this stage.

### D.  Allen's Intentional Infliction of Emotional Distress Claim

#### 1.  Sovereign Immunity/Discretionary Immunity

As with the federal claims, NDOC and the Board are not subject to suit in federal court under sovereign immunity. Neither the State nor its subdivisions may be sued without its consent and the State of Nevada has not given consent. NRS 41.031(3); *Blatchford v. Village of Noatak*, 501 U.S. 775, 779 (1991). Further, the Eleventh Amendment prohibits federal court pendant jurisdiction over state law claims against state officers. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Therefore sovereign immunity precludes Allen's official capacity state claims against all remaining Defendants. Consequently, Allen's state law claims against Cox, Palmer and Williams are dismissed because he only sues them in their official capacity.

Nevada uses a two-part test to resolve discretionary immunity questions. *Martinez v. Maruszczak*, 168 P.3d 720, 729 (Nev. 2007). To fall within the scope of discretionary immunity, a decision must (1) involve an element of individual judgment or choice, and (2) be based on considerations of social, economic, or political policy. *Id.* The decision at issue here was the Defendants decision to deny Allen medical treatment. Defendants argue that they are entitled to discretionary immunity for that decision. However, Allen's complaint alleges that Defendants based their decision on a policy that prisoners with preexisting conditions not receive medical treatment. Therefore, Defendant's decision did not involve an element of individual choice, they were bound by a policy. The Court rejects Defendants discretionary immunity argument.

AO 72
(Rev. 8/82)

Thus, having addressed Defendants' immunity arguments against Allen's IIED claim, the Court will now analyze whether Allen states a valid IIED claim against Defendants Masto, Miller, Sandoval, Aranas and Mar in their individual capacities.

### 2. Allen's IIED Claim Against Masto, Miller and Sandoval

The Court dismisses Defendants Masto, Miller, and Sandoval from the state claim. As discussed above, Allen has not alleged any contact with these parties, so his IIED claim fails to show plausible intent, let alone outrageous conduct causing plaintiff's distress on the part of these Defendants. However, as the Court will now discuss, Allen has asserted sufficient facts to plead an IIED claim against Defendants Aranas and Mar.

### 3. Allen's IIED Claim Against Aranas and Mar

To state a valid claim for intentional infliction of emotional distress, a plaintiff must adequately allege: (1) that defendant's conduct was extreme and outrageous with either the intent of, or reckless disregard for, causing emotional distress to plaintiff; and (2) that plaintiff suffered severe or extreme emotional distress as the actual or proximate result of defendant's conduct. *Dillard's Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999).

The Court finds that Allen has asserted a valid claim for IIED against defendants Aranas and Mar. Allen alleges that these Defendants intentionally failed to provide adequate treatment, in order to cause Allen humiliation, mental anguish, and emotional and physical distress. Despite the fact Allen fingers were allegedly severely misshapen and disfigured, and he was in pain, and that Defendants' knew doctors had scheduled specialist appointments and surgery to address his injuries, these Defendants refused to provide Allen medical treatment. Thus, the facts alleged allow the Court to draw the reasonable inference that Defendant's conduct was extreme and outrageous. It is similarly reasonable to infer that Allen suffered severe emotional and physical distress during the many months he was allegedly denied treatment and pain relief for severe injuries. Therefore, the Court concludes that Allen has alleged sufficient facts to survive dismissal of his IIED claim against Aranas and Mar.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. The following claims remain:

1. Eighth Amendment Deliberate Indifference against Cox, Palmer, Williams, Aranas and Mar in their official capacities for injunctive relief, and against Aranas and Mar in their individual capacities.

2. Eighth Amendment policies, procedures, and customs against Cox, Palmer, Williams, Aranas and Mar in their official capacities for injunctive relief, and against Aranas and Mar in their individual capacities

3. Intentional Infliction of Emotional Distress against Aranas and Mar in their individual capacities.

4. All other Defendants and claims are dismissed.

Dated: July 18, 2012

_____
ROGER L. HUNT
United States District Judge