UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD LEE ALLEN,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>CLARK COUNTY DETENTION CENTER, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:10-cv-00857-MMD-GWF<br><br>ORDER<br><br>(Plf's Motion to Reopen Aforementioned Civil Rights Case – dkt. no. 321) |

On January 25, 2013, the Court entered an Order granting the parties' stipulation to dismiss this case. (Dkt. no. 320.) That stipulation stated that "[a]s a result of the settlement reached between the above-mentioned parties, all claims brought by Plaintiff in this case have been settled and this case may be dismissed in its entirety and closed." (*Id.*) In his Motion to Reopen, Plaintiff argues that Defendants have breached the settlement agreement and asks the Court to reopen proceedings so that it may address the breach and amend the settlement agreement. (*See* dkt. no. 321.) Plaintiff is incarcerated and appearing *pro se*.

In *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379–81 (1994), the Supreme Court held that federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject of that settlement was a federal lawsuit. When the initial action is dismissed, federal jurisdiction terminates. *Id.* A motion to enforce the settlement agreement is a separate contract dispute requiring its own independent basis for jurisdiction. *Id.* Therefore, "absent an express retention by a

district court of jurisdiction to enforce a settlement agreement reached in a case pending before it, such 'enforcement of the settlement agreement is for the state courts, unless there is some independent basis for federal jurisdiction.'" *Camacho v. City of San Luis*, 359 F. App'x 794, 798 (9th Cir. 2009) (*quoting Kokkonen*, 511 U.S. at 381-82).

Pursuant to the Court's Order on the parties' stipulation, all of Plaintiff's claims were dismissed with prejudice, and this case was dismissed in its entirety and closed. (*See* dkt. no. 320.) The parties did not ask the Court to retain jurisdiction to enforce the settlement agreement. Consequently, because the Court did not retain ancillary jurisdiction, the Court does not have jurisdiction to address Defendants' alleged breach of the settlement agreement. Plaintiff's motion must therefore be denied. This Order does not affect Plaintiff's ability to raise this matter in state court.

It is hereby ordered that Plaintiff's Motion to Reopen Aforementioned Civil Rights Case (dkt. no. 321) is denied.

ENTERED THIS 13th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE